UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WINSTON RILEY, | : | |
| Plaintiff, | : | CASE NO. 3:17-cv-45 (VAB) |
| | : | |
| v. | : | |
| | : | |
| SCOTT SEMPLE, et al., | : | |
| Defendants. | : | FEBRUARY 7, 2017 |
| | : | |

**INITIAL REVIEW ORDER**

Plaintiff, Winston Riley, currently incarcerated at Carl Robinson Correctional Institution, filed this Complaint *pro se* under 42 U.S.C. § 1983. Mr. Riley's Complaint was received on January 9, 2017, and his motion to proceed *in forma pauperis* was granted on January 17, 2017. Defendants are Commissioner Scott Semple, Warden Kimberly Weir, Mailroom Officer Miller, Mailroom Officer Jane Doe and Warden Erfe.[1] Mr. Riley alleges that Defendants violated his constitutional rights by opening his legal mail outside of his presence.

**I.    Standard of Review**

Under § 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the

---

[1] Mr. Riley also includes Lieutenant Oniel as a defendant within the body of the Complaint. Federal Rule of Civil Procedure 10(a) requires that all defendants be named in the case caption. Thus, Lieutenant Oniel is not considered a defendant in this case. The Court has not been able to confirm whether the last name "Oneil" has been spelled correctly in the body of the Complaint.

truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

## II.  Allegations

Mr. Riley alleges that, before the dates referenced in the complaint, he was transferred from Cheshire Correctional Institution ("Cheshire") to Carl Robinson Correctional Institution ("Robinson"). He states that Defendants Weir and Miller are assigned to Robinson, Mr. Riley's current place of incarceration, and Defendants Erfe and Doe are assigned to Cheshire.

On October 6, 2015, Mr. Riley allegedly received legal mail that had been opened without his signature and outside of his presence. He claims that he brought the issue to the attention of Lieutenant Alexander. The next day, while speaking to his lawyer, Mr. Riley allegedly discovered that a piece of his legal mail was missing. He states that this fact also was brought to Lieutenant Alexander's attention.

Mr. Riley alleges that he wrote to Warden Erfe about the missing mail because it had originally been sent to Cheshire. Warden Erfe allegedly responded that there was no record of any legal mail being opened at his facility.

On May 27, 2016, Mr. Riley allegedly received another piece of legal mail that had been opened without his signature and outside his presence. Mr. Riley alleges that he informed Lieutenant Keaton, who allegedly failed to respond to his initial grievance.

Mr. Riley alleges that, on August 4, 2016, he again received legal mail that had been opened outside his presence and without his signature. Mr. Riley allegedly informed Lieutenant Oneil. Mr. Riley alleges that, when he asked Lieutenant Oneil to complete an incident report, Lieutenant Oneil took the letter. Later that day, Lieutenant Oneil allegedly informed Mr. Riley that he would not complete an incident report. Mr. Riley alleges that, after Lieutenant Oneil saw who had sent the letter, Lieutenant Oneil stated that the letter was not legal mail.

## III.   Discussion

Mr. Riley contends that Defendants Semple and Weir should have known that opening inmate legal mail is a common practice.[2] He alleges that Defendants Miller and Doe violated his First and Fourth Amendment rights by opening his legal mail on October 6, 2015 and removing pieces of the correspondence. He contends that this action deprived him of his right to free speech, denied him access to the courts, and violated attorney-client privilege. He alleges that Defendant Miller again violated Mr. Riley's First and Fourth Amendment rights by opening his legal mail on May 27, 2016, and August 4, 2016. Mr. Riley also characterizes these actions as

---

[2] Referring to the opening of inmate legal mail, Defendant Miller allegedly told Mr. Riley that "it happens." ECF No. 1 at 6.

3

Eighth Amendment violations.

### A. Official Capacity Claims

Mr. Riley has named all Defendants in personal (individual) and professional (official) capacities. However, he seeks only damages for relief. The Eleventh Amendment divests the district court of subject matter jurisdiction over claims for money damages against state officials acting in their official capacities unless the state has waived this immunity or Congress has abrogated it. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Section 1983 does not abrogate state sovereign immunity, *see Quern v. Jordan*, 440 U.S. 332, 343 (1979), and Mr. Riley has provided no evidence that the State of Connecticut has waived immunity. Thus, any claims against Defendants in their official capacities are dismissed under 28 U.S.C. § 1915A(b)(2).

### B. Denial of Access to the Courts

Mr. Riley contends that the opening of his legal mail in October 2015 and the removal of a document violated his right of access to the courts. Interference with legal documents, especially legal mail containing communications from the inmate's lawyer, implicates an inmate's right of access to the courts. *See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). To prevail on this claim, Mr. Riley must show that the defendant's actions were deliberate and malicious, and that the actions caused him to suffer an actual injury. *See Beliezza v. Holland*, 730 F. Supp. 2d 311, 314 (S.D.N.Y. 2010). To demonstrate an actual injury, Mr. Riley must show that he suffered "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 348 (1996).

Mr. Riley does not know who opened his legal mail or even at which correctional facility the letter was opened. Absent such information, Mr. Riley cannot allege facts showing that the opening of his letter was deliberate and malicious. In addition, he fails to allege any facts demonstrating that he suffered an actual injury. Thus, he fails to state a cognizable claim for denial of access to the courts.

### C.     Opening Legal Mail

Interference with legal mail also can constitute a violation of the right to free speech. *See Davis*, 320 F.3d at 351. To establish a violation of his right to free speech, Mr. Riley must show that the defendants "regularly and unjustifiably interfered with the … legal mail." *McFadden v. Fischer*, Nos. 13-CV-559-FPG & 16-CV-6105-FPG, 2016 WL 5661824, at *12 (W.D.N.Y. Sept. 30, 2016) (internal quotation marks omitted) (citing *Davis*, 320 F.3d at 351). Where the incidents of mail tampering are few in number, the plaintiff must include "specific allegations of invidious intent or of actual harm." *Davis*, 320 F.3d at 351 (citing cases).

Mr. Riley merely assumes that Defendant Miller opened his legal mail in May and August 2016 because Defendant Miller works in the mailroom at Robinson, and he has no information regarding the opening of the letter in October 2015. He alleges no facts suggesting any invidious intent or actual harm. Thus, he fails to state a First Amendment claim.

### D.     Fourth Amendment

Mr. Riley also characterizes his interference with legal mail claims as Fourth Amendment violations. The Supreme Court has held that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Other courts have applied this principle to claims for interference

with or interception of legal mail.  *See, e.g., Alicea v. Maly*, No. 9:12-cv-203(MAD/TWD), 2013 WL 4508719, at *5 (N.D.N.Y. Aug. 23, 2013) (affirming and adopting recommended ruling dismissing Fourth Amendment claim for seizure of legal mail);  *Hill v. Griffin*, No. 11-CV-6101-CJS, 2012 WL 92556, at *4 (W.D.N.Y. Jan. 11, 2012) (dismissing Fourth Amendment claim based on interception of outgoing and incoming legal mail, confidential medical mail and general correspondence).  Accordingly, Mr. Riley's Fourth Amendment claim is dismissed under 28 U.S.C. § 1915A(b)(1).

### E. Eighth Amendment

Mr. Riley also generally alleges that the actions of Defendants Miller, Doe, Semple and Weir violated his Eighth Amendment rights "because they knew or should have known that their actions or lack of actions will cause irreparable damages to [his] constitutional rights, but still did nothing to stop it."  ECF No. 1 at 6.  The Eighth Amendment ensures that prison officials provide for inmates' "basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety."  *DeShaney v. Winnebago Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989).  As Mr. Riley has not alleged that Defendants' actions deprived him of any of these needs, his Eighth Amendment claim fails.

### F. Supervisory Liability

Mr. Riley asserts a supervisory liability claim against Defendants Semple and Weir.  To state a claim for supervisory liability, Mr. Riley must demonstrate one or more of the following criteria:  (1) the defendants actually and directly participated in the alleged action, (2) the defendants failed to remedy a wrong after being informed of the wrong though a report or appeal, (3) the defendants created or approved a policy or custom that sanctioned objectionable

conduct which rose to the level of a constitutional violation, or permitted such a policy or custom to continue, (4) the defendants were grossly negligent in their supervision of the officers who committed the constitutional violation, or (5) the defendants were deliberately indifferent to Mr. Riley's rights by failing to act in response to information that unconstitutional acts were occurring.  *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003).  Mr. Riley also must demonstrate a causal link between the actions of the supervisory official and his injuries.  *See Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002).

Mr. Riley alleges that Defendants Semple and Weir should have known that legal mail is routinely opened.  However, he has identified only three incidents spanning ten months, and he did not inform either Defendant of any of the incidents.  This allegation is insufficient to show a routine practice, and Mr. Riley does not demonstrate that either Defendant approved of the alleged practice.  Thus, he fails to allege facts necessary to state a plausible claim for supervisory liability.

### G.     Defendants Erfe and Doe

Finally, Mr. Riley included Warden Erfe as a defendant.  He alleges that he contacted Warden Erfe after the first incident because the letter had first been sent to Cheshire.  Warden Erfe responded that he had no report of any legal mail addressed to Mr. Riley being opened at Cheshire.  Mr. Riley does not allege that Warden Erfe opened the letter himself.

There is only one incident that possibly could have occurred at Cheshire.  One incident is insufficient to constitute a First Amendment violation.  *See Davis*, 320 F.3d at 351 (isolated incident of mail tampering usually insufficient to establish constitutional violation).  The claims against Defendants Erfe and Doe are dismissed under 28 U.S.C. § 1915A(b)(1).

## ORDERS

In accordance with the foregoing analysis, the Court enters the following orders:

(1) All claims against Defendants Erfe and Doe, all claims against Defendants in their official capacities, and the Fourth and Eighth Amendment claims are **DISMISSED** under 28 U.S.C. § 1915A(b)(1) and (2). The First Amendment claims against the remaining Defendants are **DISMISSED** without prejudice. Mr. Riley may file an Amended Complaint asserting his First Amendment claims, provided he can allege facts supporting such claims. If Mr. Riley wished to include Lieutenant Oneil as a Defendant, he may include him in the amended complaint.

(2) Any Amended Complaint shall be filed within **twenty-one (21) days** from the date of this order. If no amended complaint is timely filed, the Clerk of the Court is directed to enter judgment and close this case.

(3) Mr. Riley shall utilize the Prisoner E-filing Program when filing documents with the court.

**SO ORDERED** this 7th day of February, 2017 at Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE