UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| WINSTON RILEY, | : | |
| Plaintiff, | : | CASE NO. 3:17-cv-45 (VAB) |
| | : | |
| v. | : | |
| | : | |
| SCOTT SEMPLE, et al., | : | |
| Defendants. | : | MARCH 3, 2017 |
| | : | |

**INITIAL REVIEW ORDER RE: AMENDED COMPLAINT**

Plaintiff, Winston Riley, currently incarcerated at Carl Robinson Correctional Institution, filed this Complaint *pro se* under 42 U.S.C. § 1983. He asserted First Amendment claims for denial of access to the courts and interference with legal mail, a Fourth Amendment claim for interception of legal mail, and a general Eighth Amendment claim. On February 7, 2017, the Court filed an Initial Review Order. The Court dismissed all claims against Defendants Erfe and Doe, all claims against Defendants in official capacity, and Mr. Riley's Fourth and Eighth Amendment claims.

The Court afforded Mr. Riley the opportunity to file an Amended Complaint asserting his First Amendment claims provided he could allege fact supporting those claims. *See* Initial Review Order at 8, ECF. No. 7. In response to the Order, Mr. Riley has filed an Amended Complaint, naming as Defendants Scott Semple, Kimberly Weir, Mailroom Officer Miller, Correctional Officer Miller and Lieutenant Oneil.[1] He alleges that Defendants violated his First

---

[1] The Court has not been able to confirm whether the last name "Oneil" has been spelled correctly in the body of the Complaint.

Amendment right of access to the courts by opening his legal mail outside of his presence, and he also references claims for retaliation and denial of due process. The Court now reviews the merit of the claim in the Amended Complaint.

I.      Standard of Review

Under Section 1915A of Title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

II.     Allegations

Defendant Semple is the Commissioner of Correction. Defendants Weir, both Millers,

2

and Oneil are assigned to Carl Robinson Correctional Institution ("Robinson"), Mr. Riley's current place of incarceration.

On May 27, 2016, Mr. Riley allegedly received legal mail that had been opened by Correctional Officer Miller without his signature and outside of his presence.  Mr. Riley claims that he brought the matter to the attention of Lieutenant Keaton, who allegedly failed to respond to Mr. Riley's grievance.  Mr. Riley assumes that his mail was opened in retaliation for previous complaints he made against Mailroom Officer Miller.  Mr. Riley alleges that, following this incident, he "lost faith in the DOC's policy regarding legal mail," became fearful of further retaliation and was discouraged and intimidated from exercising his right of access to the courts. Am. Compl. at 4, ECF No. 8.

On August 4, 2016, Mr. Riley allegedly received legal mail that had been opened without his signature and outside of his presence by Mailroom Officer Miller.  He brought the issue to the attention of Defendant Lieutenant Oneil.  A few minutes later, Defendant Oneil allegedly called Mr. Riley to the officer's desk and stated that he would not prepare an incident report because the letter was not legal mail.

Mr. Riley alleges that Defendant Warden Weir was aware of the practice of opening legal mail outside of his presence because Mr. Riley had brought this issue to her attention in late October 2015.  Defendant Weir allegedly told Mr. Riley to submit an Inmate Request to her.  Mr. Riley claims that he did so, but he never received a response.  Mr. Riley alleges that Defendants Weir and Semple should have known that Defendant Weir's failure to respond would cause him irreparable damage to his right of access to the courts.

III.   Discussion

    A.   First Amendment Claim for Interference with Legal Mail

An amended complaint completely replaces the original complaint. *See Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) ("It is well established that an amended complaint ordinarily supersedes the original complaint and renders it of no legal effect." (internal quotation marks and citation omitted)).   In the Initial Review Order, the Court specifically described two First Amendment claims, denial of access to the courts and interference with legal mail. Although he was permitted leave to amend his Complaint with regard to both First Amendment claims, Mr. Riley has chosen to assert only the claim for denial of access to the courts in his Amended Complaint.  Thus, the claim for interference with legal mail is considered abandoned.

Even if the claim were not abandoned, it should be dismissed.  As the Court previously explained, to establish a violation of his right to free speech, Mr. Riley must show that Defendants "regularly and unjustifiably interfered" with his legal mail. *McFadden v. Fischer*, Nos. 13-CV-559-FPG & 16-CV-6105-FPG, 2016 WL 5661824, at *12 (W.D.N.Y. Sept. 30, 2016) (internal quotation marks omitted) (citing *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)).  Where, as here, the incidents of mail tampering are few in number, Mr. Riley must include "specific allegations of invidious intent or of actual harm." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (citing cases).

Mr. Riley provides no information regarding the opening of any letters in October 2015, and he merely states, without support, that Mailroom Officer Miller opened his letter in August 2016. Regarding the May 2016 incident, Mr. Riley alleges that Correctional Officer Miller opened his letter, and he assumes that this action was in retaliation for prior complaints against

4

Mailroom Officer Miller. This conclusory statement is not a "specific allegation of invidious intent" as required under *Davis*. 320 F.3d at 351. Further, Mr. Riley alleges no actual harm as a result of the incidents. Thus, Mr. Riley has not corrected the deficiencies identified in this claim.

  B. <u>First Amendment Claim for Denial of Access to the Courts</u>

As the Court previously explained, to prevail on a claim for denial of access to the courts, Mr. Riley must show that Defendants' actions were deliberate and malicious, and that the actions caused him to suffer an actual injury. *See Beliezza v. Holland*, 730 F. Supp. 2d 311, 314 (S.D.N.Y. 2010). To demonstrate an actual injury, Mr. Riley must show that he suffered "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 348 (1996).

Mr. Riley alleges only that these incidents caused him "to be reluctant and unwilling to access the courts." Am. Compl. at 5. He does not identify any case that he was unable to file because of Defendants' actions. Indeed, Mr. Riley appears to have been able to file this action without difficulty. As Mr. Riley had not demonstrated an actual injury, his claim for denial of access to the courts fails and is dismissed under 28 U.S.C. § 1915A(b)(1).

  C. <u>Retaliation</u>

In his Amended Complaint, Mr. Riley alleges for the first time that Correctional Officer Miller opened his legal mail in May 2016 in retaliation for complaints he made against Mailroom Officer Miller. To state a claim for retaliation, Mr. Riley must allege facts showing that he was engaged in constitutionally protected activity, that Defendant Miller took adverse action against him, and that there is a causal connection between the protected activity and the adverse action. *See Davis*, 320 F.3d at 352. To establish the causal connection, Mr. Riley must show that the

protected activity "was a substantial or motivating factor for the adverse action taken" against him. *Bennett v. Goord*, 343 F.3d 133, 127 (2d Cir. 2003) (citation omitted). As retaliation claims are easily made, they are to be examined with "skepticism and particular care." *Davis*, 320 F.3d at 352.

Mr. Riley assumes, with no supporting facts, that Correctional Officer Miller opened his legal mail because, at some time in the past, Mr. Riley had made complaints against Mailroom Officer Miller. This presumption is insufficient to support a retaliation claim. Any claim for retaliation is dismissed under 28 U.S.C. § 1915A(b)(1).

D.     Fourteenth Amendment

Finally, Mr. Riley alleges that Commissioner Semple violated his Fourteenth Amendment rights by failing to establish an "adequate post deprivation remedy for opened and lost or stolen legal mail." Am. Compl. at 5. The Due Process Clause of the Fourteenth Amendment protects Mr. Riley against the denial of a protected property interest without due process of law. A prisoner can state a due process claim for loss of property if the state has not created adequate post deprivation remedies. *See Edwards v. Erfe*, 588 F. App'x 79, 80 (2d. Cir. 2015); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Although Mr. Riley implies that the post deprivation remedies available to him are inadequate, he fails to allege facts explaining this inadequacy. Connecticut inmates may present claims to the Department of Correction Lost Property Board and the Connecticut Claims Commission. *See Edwards*, 588 F. App'x at 80-81. As Mr. Riley can obtain damages from the

6

Claims Commission,[2] the same relief he seeks in the Amended Complaint, the Court cannot discern any basis for Mr. Riley's allegation that there is no adequate post deprivation remedy

The Court has not identified any case law requiring that the Commissioner of Correction affirmatively create additional post deprivation remedies.  Thus, the Court can discern no legal basis for Mr. Riley's claim.

## ORDERS

In accordance with the foregoing analysis, the Court enters the following orders:

(1)     The Amended Complaint is **DISMISSED** under 28 U.S.C. § 1915A(b)(1). .

(2)     The Clerk of the Court is directed to enter judgment and close this case.


**SO ORDERED** at Bridgeport, Connecticut, this 3rd day of March, 2017.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[2] The Connecticut Claims Commissioner determines whether the state should pay damages as well as determining whether a lawsuit against the state should be authorized.  *Day v. Smith*, No. CV074027999S, 2008 WL 544536, at *6 (Conn. Superior Ct. Feb. 11, 2008) (citations omitted).